UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| THE TRAVELERS INDEMNITY | § | |
| COMPANY OF CONNECTICUT, | | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 6:19-cv-38 |
| | § | |
| JAMES WAYNE, | § | |
| Defendant. | § | |

**ORIGINAL COMPLAINT AND REQUEST FOR DECLARATORY JUDGMENT**

The Travelers Indemnity Company of Connecticut ("Travelers") comes before this Court pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. §2201, *et seq.*, seeking declaratory relief regarding the rights, status and legal relationship between Travelers and its insured, James Wayne ("Claimant" or "Wayne").

## I.     PARTIES

1.1     Plaintiff The Travelers Indemnity Company of Connecticut is an insurance company incorporated under the laws of the State of Connecticut, with its principal place of business in Connecticut.  Travelers was, at the time this action commenced, and still is, a citizen of the State of Connecticut.  Travelers is not incorporated or organized in, and does not have its principal place of business in the State of Texas.  Travelers is licensed by the Texas Department of Insurance to issue insurance policies throughout Texas.

1.2     Upon information and belief, Defendant James Wayne was at the time this action commenced, and still is, a resident and citizen of the State of Texas.  He may be served at his principal place of business, 2608 North Laurent Street, Victoria, Texas 77901 or wherever he may be found.

## II.    JURISDICTION AND VENUE

2.1    A justiciable controversy exists between Travelers and the Wayne as to the rights and obligations of the parties in connection with the insurance claim asserted by Wayne and his designated representatives, specifically, Travelers seeks to take an Examination Under Oath of either James Wayne or Kristeen Wayne as James Wayne's authorized representative for his insurance claim to Travelers and, thus, the person most knowledgeable concerning the public adjuster's contract and payments made for repairs to damaged property made the subject of insurance claims asserted by Claimant.

2.2    This court has diversity jurisdiction under 28 U.S.C. § 1332.  The citizenship of Travelers is diverse from the citizenship of Wayne.  The amount in controversy exceeds $75,000 exclusive of interest and costs.

2.3    This action is properly venued in the United States District Court for the Southern District of Texas under 28 U.S.C. § 1391, because a substantial part of the events giving rise to the claim alleged in this complaint occurred in the Southern District of Texas.

## III.    FACTS

3.1    Travelers issued Commercial Insurance Policy I-660-2432X69A-TCT-17 to James Wayne with a policy period of January 19, 2017 to January 19, 2018.  Wayne reported an August 25, 2017 claim to Travelers regarding damage to Wayne's commercial properties. Travelers investigated (and is still trying to investigate) Wayne's claim.  Travelers' own adjusters and hired experts have inspected the damaged property on several occasions in response to his estimates and revised estimates.  Travelers has made initial and subsequent payments based on its own estimate, which were finalized after numerous discussions with Claimant's contractor and after reviewing Claimant's estimates.  These payments are based on the actual cash value ("ACV") of the damaged property.

Claimant's policy is a replacement cost value ("RCV") policy and Claimant is entitled to additional payments based on his repair costs if he provides receipts of repairs or replacement, or other evidence demonstrating the costs paid for such repairs or replacement.  Claimant has not provided such documentation.

3.2   Upon information and belief, Claimant engaged a public adjuster who submitted an estimate for repairs which appears to repair or replace property not damaged by a covered loss as well as conditions excluded by the Travelers' policy.  Travelers has asked for additional information from Claimant and his authorized representatives but has not received any of the requested information from its insured or his authorized representative.  The failure of the insured and his designated representatives to provide this critical information and documentation has prevented Travelers from obtaining critical information to determine how much has already been spent to repair or replace the damaged roofs in question so that it may determine how much, if any, is currently owed (or to determine if there has been an overpayment to date).  Failure to provide this previously requested information is a violation of the cooperation clause of the policy. Section E, Loss Conditions, subsection 3, Duties in the Event of Loss or Damage, subpart "a" states: "You must see that the following are done in the event of loss or damage :…(5) at our request give us complete inventories of the damaged and undamaged property. Include quantities, costs, and amounts of loss claimed. (6) As often as may be reasonably required, permit us to inspect the property proving the loss or the damage and examine your books and records. (7) Send us a signed, sworn proof of loss containing the information we request to investigate the claim. (8) Cooperate with us in the investigation or settlement of the claim."

3.3     Failure to provide receipts or other evidence of the actual costs of repairs can constitute a violation of these provisions of the policy especially when such refusals to cooperate prevent Travelers from completing its investigation and adjustment of the claim in question.  This information is material because the insurance policy in question and Texas law provides that a property insurer owes no more than *the lesser of* the actual costs to repair or replace the damaged property, the estimated actual cash value to repair or replace the damaged property or the policy limits.  Travelers can not complete its investigation and adjustment without the requested information and documentation from the insured.

3.4     Furthermore, due to the failure to provide the previously requested receipts or evidence of the actual costs to repair or replace, and in order to complete its investigation and adjustment of the claim in question, Travelers invoked its rights to take the Examination Under Oath of either James Wayne or Ms. Kristeen Wayne, who, as James Wayne's authorized representative for these claims, signed Claimant's public adjuster contract and who apparently signed the checks to make needed repairs regarding the loss in question. Section E, Loss Conditions, subsection 3, Duties in the Event of Loss or Damage, subpart "b" states: "We may examine any insured under oath, while not in the presence of any other insured and at such times as may be reasonably required, about any matter relating to this insurance or the claim, including an insured's books and records."  Travelers has asked in writing multiple times to conduct an Examination Under Oath of either James Wayne or Ms. Kristeen Wayne in Victoria, Texas at a mutually agreeable time and place. On January 7, 2019, counsel for Travelers wrote to Claimant and Claimant's attorney and representatives requesting the EUO of Mr. or Mrs. Wayne.  See attached Exhibit "A."

No one responded.  On February 13, 2019, counsel for Travelers wrote again.  See attached Exhibit "B."  Again, no one responded.  In addition, counsel for Travelers also called Claimant's counsel and left a message requesting a call back.  To date, neither Claimant, nor his attorney nor his representatives have responded by telephone, fax, mail, or e-mail.  Travelers needs the additional documents previously requested from its insured to complete its investigation of the claims in question and also needs the Examination Under Oath to complete its investigation of the same claims.  Due to the total lack of cooperation from the insured, his counsel and his representative and due to the insured's failure to submit to a contractually required Examination Under Oath, Travelers has no choice but to bring this suit to compel the cooperation of its insured in providing the documents in question and completing the requested EUO to enable Travelers to complete its investigation and adjustment of the claim in question.

WHEREFORE, PREMISES CONSIDERED, Travelers prays that the Court will, upon a final hearing, enter a declaratory judgment pursuant to 28 U.S.C. § 2201 regarding the rights and obligations between Travelers and James Wayne, ruling that the terms, conditions, provisions and exclusions under the Travelers Policy require the cooperation of James Wayne and an Examination Under Oath of either James Wayne or, if he is unable, Kristeen Wayne, as the authorized representative for James Wayne with respect to the relevant claims.  Travelers seeks an order requiring that either James Wayne or Kristeen Wayne appear for an Examination Under Oath within twenty (20) days of the Court's Order at a mutually agreed time and place.  Travelers further requests that the witness be ordered to produce at the EUO for inspection and copying the following documents and items:  copies of all receipts or other evidence of the actual

costs paid by Claimant or paid on their behalf to repair or replace the roofs made the basis of his claims to Travelers.

Respectfully submitted,

MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P.

By: /s/ *Christopher W. Martin*
      Christopher W. Martin
      State Bar No. 13057620
      Federal Bar No. 13515
      808 Travis, Suite 1800
      Houston, Texas 77002
      (713) 632-1700
      (713) 222-0101 Facsimile
      martin@mdjwlaw.com

**ATTORNEYS FOR PLAINTIFF**
**THE TRAVELERS INDEMNITY**
**COMPANY OF CONNECTICUT**